UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK SHANNON WEAVER,          :

    Petitioner                          :
                                          CIVIL ACTION NO. 3:13-1810
    v.                                    :
                                          (Judge Mannion)
WARDEN, USP-CANAAN              :

    Respondent                         :

**MEMORANDUM**

Petitioner, Mark Shannon Weaver, an inmate formerly confined in the Canaan United States Penitentiary, Waymart, Pennsylvania[1], filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a disciplinary action at his former place of confinement, FCI-Beaumont, which resulted in sanctions against him, including the loss of 27 days of Good Conduct Time ("GCT") credit toward his federal sentence. Id. Specifically, Petitioner claims that his due process rights were violated during the course of his prison disciplinary hearing held on January 20, 2011, where he was found guilty of the prohibited act of Engaging in a Group Demonstration, a violation of Disciplinary Code Section 212. Id. Additionally, Petitioner alleges there was insufficient evidence to support the DHO's

---

[1]Weaver is currently confined in the Williamsburg Federal Correctional Institution, Salters, South Carolina.

findings, and that he was denied his due process rights because he was not allowed a staff representative or to call witnesses during the DHO Hearing. Id. Finally, he alleges that he received a copy of the DHO Report in an untimely manner. Id. For relief, Petitioner seeks to have the Incident Report expunged. Id. The petition is ripe for disposition and, for the reasons that follow, will be denied.

## I.     Background

On November 26, 2011, Petitioner was served with Incident Report No. 2238176 charging him with destroying or possession of any unauthorized locking device lock pick, or tampering with and blocking any locking device, a Code 208 violation; assaulting any person (minor assault), a Code 224 violation; and refusing to obey an order of any staff member, a Code 307 violation. (Doc. 20-1 at 61, Incident Report). The incident report, which was written by S. Dixon, Correctional Officer, reads as follows:

> On 11/26/2011, at 7:10 a.m., while conducting rounds and feeding the morning meal at cell 215, due to inmate Weaver, Mark Reg#10005-273 jacking the food slot earlier during medication rounds, I officer S. Dixon gave inmate Weaver several orders to go back to the cell while his celli received the meals. Inmate Weaver refuse all orders given. As I attempted to secure the food slot inmate Weaver ran up stuck his arm out and grab the slot, in the process of him doing this inmate Weaver hit my left index

2

finger, inmate was being very belligerent yelling stated inmate "Fuck that Bitch I'm taking this slot yea I got it and what you go do call the fucking Lieutenant." In which I was not allowed to secure the slot, Shu OIC was notified, and Operations Lieutenant of the situation.

Id.

On November 29, 2011, Petitioner appeared before the Unit Discipline Committee ("UDC"). (See Id., Committee Action). Petitioner offered the following statement on his behalf:

"No, it's not true. I did not hit her finger, she refused to give me my food tray. Officer Jones had to come give me my tray. I did not jack the tray slot. I did not say that too her."

Id. Based on the severity of the prohibited act, the UDC referred the charge to the Discipline Hearing Officer ("DHO"). Id. During the UDC hearing, staff member, A. Soto, informed Weaver of his rights at the DHO hearing and provided him with a copy of the "Inmate Rights at Discipline Hearing" form. (Doc. 20-1 at 63, Inmate Rights at Discipline Hearing). Also on November 26, 2011, Weaver was provided with a "Notice of Discipline Hearing before the (DHO)" form. (Id. at 64). Weaver requested to have a staff member represent him and to call witnesses. Id.

On February 02, 2012, Petitioner appeared for a hearing before DHO, L. Weston. (Doc. 20-1 at 65-67, DHO Report). During the DHO hearing, Petitioner was again read his rights, and he indicated that he understood

3

them. Id. The DHO confirmed that Weaver received a copy of the incident report, and that Lt. J. Yerena, Petitioner's staff representative was present. Id. Petitioner offered the following statement on his behalf:

> Inmate Weaver denied assaulting Officer Dixon. He also stated he only reached through the food slot for his tray and did not hit Officer Dixon's hand.

Id. Also, Weaver requested Lt.. Maldonado, Officer S. Jones and Contract Nurse Kerr as witnesses. Id. He wanted Lt. Maldonado as a witness to review the SHU video recordings of the incident. However, Lt. Maldonado provided a written email indicating there was no video of the incident. Inmate Weaver wanted contract Nurse Kerr to testify that Officer Dixon had no injuries. However, the DHO was provided a copy of Officer Dixon's injury assessment indicating she sustained a sprain to a finger on her left index finger. As such, Ms. Kerr's testimony was not needed. Inmate Weaver waived the appearance of Officer Jones. The wavier was witnessed by Lt. Yerena and P. Thomas, DHO Secretary. Id.

In addition to the Incident Report and Investigation, the documentary evidence which the DHO considered in making his determination included: (1) Injury Assessment for Officer Dixon; and (2) Memorandum dated November 26, 2011 Lt. Thamez. The specific evidence taken from the relied

upon documentary evidence was as follows:

> I find that you committed the prohibited act of Assault. I have dropped the other charges listed on the incident report. My decision is based in part on the written account of Officer Dixon, who provided she was feeding SHU inmates at FCIM Beaumont. When she came to your cell, she ordered you to step to the back of the cell while she issued food trays to you and your cell mate. She did so as earlier that day, you took control of the food slot during medication rounds. Afer the officer issued the food trays, she attempted to close and lock food slot door. However, you ran up to the cell door and stuck your arm out of the food slot. You grabbed the slot and while doing so you struck the officer's left index finger. You also yelled at her "Fuck that Bitch I'm taking this slot yea I got it and what you go do call the fucking Lieutenant." Your actions prevented the officer from securing the food slot.
>
> Ms. Dixon's account is partially supported by the written memo from Lt. Thamez and the injury Assessment completed by medical staff when Officer Dixon was examined. Lt. Thamez provided that Ms. Dixon informed him that you assaulted her by putting your arm out the food slot as she was securing it. He also provided that the officer was medically treated for a sprain to her left index finger.
>
> I also considered your statements to me during the DHO hearing. You denied assaulting the officer and claimed you only reached through the food slot to obtain your food tray. However, I find your claim not credible. Officer Dixon provided a detailed account of this incident. She is an experienced correctional worker and there is nothing to suggest she has not provided an accurate account of the matter. You have provided me no credible evidence to support your denial of the charge or to refuse the officer's account of the incident.

Id. The DHO sanctioned Petitioner to disallowance of twenty-seven (27) days good conduct time and thirty (30) days disciplinary segregation. Id. The DHO

documented his reasons for the sanctions given as follows:

> The sanctions were imposed to deter you from this type of activity. Assaults may result in injuries to staff and inmates and directly threaten institution security.

Id. Weaver was advised of his appeal rights at the conclusion of the hearing. Id.

On September 5, 2012, Weaver's case manager at USP-Terre Haute wrote to FCI-Beaumont's DHO to request a copy of the DHO report for Incident Report No. 2238176, stating that Weaver asked for a copy of the DHO report in order to appeal it, and that it appeared that never received a copy of the report, nor was there one in his file. (Doc. 20-1 at 69). DHO Weston replied that Weaver likely had not received a copy of the DHO Report before he was transferred, provided the case manager with the DHO Report, and requested that a copy of the DHO report be provided to Weaver and requesting that the date the report was delivered be noted for appeal purposes. Id. On October 26, 2012, the DHO Report was delivered to Weaver at USP-Terre Haute. (Doc. 1-1 at 4).

## II.     Discussion

Liberty interests protected by the Fifth Amendment may arise either

from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir.2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. Since Petitioner's sanctions did include the loss of good conduct time, Petitioner has identified a liberty interest in this matter.

In Wolff, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-

67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir.1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.

Weaver's disciplinary hearing was held in February 2012. The applicable Bureau of Prisons' inmate disciplinary procedures for this time frame are codified at 28 C.F.R. §541, et seq., and entitled, Inmate Discipline and Special Housing Units. These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court. See Von Kahl v. Brennan, 855 F.Supp. 1413, 1418 (M.D.Pa.1994). Pursuant to the 2012 regulations, staff shall prepare an Incident Report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. §541.5. The incident is then referred to the UDC for an initial hearing pursuant to 28 C.F.R. §541.7. The UDC will ordinarily review the incident report within five work days after it is issued, not

counting the day it was issued, weekends, and holidays. See 28 C.F.R. §541.7(c). If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer ("DHO") for a hearing. 28 C.F.R. §541.7(g). "The DHO shall give the inmate a written copy of the decision following the hearing. 28 C.F.R. §541.8 The DHO is not required to prepare a verbatim record of the hearing. Id. The DHO's written report will document the following:

> (1) Whether you were advised of your rights during the DHO process;
> (2) The evidence relied on by the DHO;
> (3) The DHO's decision;
> (4) The sanction imposed by the DHO; and
> (5) The reason(s) for the sanction(s) imposed.

Id.

In the instant case it is clear that Weaver was afforded all of the required procedural rights set forth in Wolff. He received timely notice of the incident report. He was properly informed of his rights before the hearing, as well as given the opportunity to make his own statement, present documentary evidence, have a staff representative, and to present witnesses on his behalf.

To the extent that Petitioner argues that he was not provided with the staff member of his choosing to represent him at the DHO hearing[2], inmates do not have the right to request representation by a specific staff member. Mitchell v. Romine, 158 Fed. App'x. 367, 369 (3d Cir. 2005).

Weaver also complains that his requested witnesses did not appear. Pursuant to 28 U.S.C. §541.8, witnesses may appear at the DHO's hearing as follows:

> (1) Witnesses may appear before the DHO either in person or electronically (for example, by video or telephone conferencing) at the DHO's discretion.
> (2) The DHO will call witnesses who have information directly relevant to the charge(s) and who are reasonably available. However, the DHO need not call witnesses adverse to you if their testimony is adequately summarized in the incident report or other investigation materials.
> (3) You or your staff representative may request witnesses appear at the hearing to testify on your behalf. Your requested witnesses may not appear if, in the DHO's discretion, they are not reasonably available, their presence at the hearing would jeopardize institution security, or they would present repetitive evidence.
> (4) If your requested witnesses are unavailable to appear, written statements can be requested by either the DHO or staff representative. The written statements can then be considered

---

[2] Weaver requested Lt. Maldonado as both a witness and a staff representative. (See Doc. 24 at 10). He claims that Lt. Yerena was substituted for Lt. Maldonado and that he "never agreed to this substitution as Weaver's initials or signature is no where near where L. Weston crossed out Lt. Maldonado's name." (See Doc. 24 at 2).

during the DHO's hearing.

(5) Only the DHO may directly question witnesses at the DHO's hearing. Any questions by you or your staff representative must be submitted to the DHO, who will present the question to the witness in his/her discretion.

(6) The DHO may consider evidence provided by a confidential informant (CI) that the DHO finds reliable. You will not be informed of the CI's identity. You will be informed of the CI's testimony to the extent it will not jeopardize institution security, at the DHO's discretion.

In Weaver's case, the DHO explained in his report that it was not necessary for Lt. Maldonado, who allegedly would be able to obtain video footage of the incident, to appear because he had advised the DHO via email that there was no video footage of the incident; it was not necessary for Contract Nurse Kerr to appear because she filled out Officer Dixon's Injury Assessment which was admitted into evidence and showed that she had sustained a sprain to her left index finger; and Weaver waived the appearance of Correctional Officer Jones, who allegedly witnessed the incident. Thus, the Court finds that the DHO's decision to deny the Petitioner's requested witnesses was not arbitrary, capricious, or an abuse of discretion.

Moreover, with respect to Weaver's complaint that a video of the incident was not reviewed, the DHO stated on the record that Lt. Maldonado provided a written email indicating there was no video of the incident. (See Doc. 24 at 11).

Finally, to the extent that Weaver complains that his appeal rights were violated when he failed to receive a copy of the DHO report in a timely manner, it is clear from the record that once it was determined that Petitioner never received a copy of the DHO Report, he was not only provided with a copy of the report, but his appeal rights were reinstated. Thus, the Court finds not merit to this argument.

Since Weaver was afforded all of his procedural rights, the only remaining issue is whether there was sufficient evidence to support the decision by the DHO. To the extent Weaver is alleging the incident report was falsified and there was not enough evidence to find he had committed the prohibited act, the decision of the DHO is entitled to considerable deference by a reviewing court and the decision should be upheld if there is "some evidence" to support the decision. In Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985), the Supreme Court held that the "some evidence" standard applies in addressing a state prisoner's due process claim. Id. at 456-57; see Thompson v. Owens, 889 F.2d 500, 501- 02 (3d Cir. 1989). A determination of whether this standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or even a weighing of the evidence. Instead, the relevant question

is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." See Hill, 472 U.S. at 455, 105 S.Ct. at 2773 (emphasis added); Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989). Under Hill, judicial review of a prison disciplinary decision is limited to ensuring that the prisoner was afforded certain procedures, the action against him was not arbitrary, and that the ultimate decision has some evidentiary support. Hill, 472 U.S. at 457; see also 28 C.F.R. §541.8(f) (requiring that the DHO's decision be "based upon at least some facts and, if there is conflicting evidence, on the greater weight of the evidence.") Moreover, "[t]he sufficiency standard is met where a DHO supports a finding of culpability solely by reference to an incident report compiled by a corrections officer." Moles v. Holt, 221 F. App'x 92, 94 (3d Cir. 2007) (citations omitted).

In this case, the DHO documented in Section III, Presentation of Evidence, the evidence relied on to support his findings, in particular, the written Memorandum of Lt. Thamez, and the Injury Assessment for Officer Dixon. In accordance with Hill, there need only be "some evidence" to support the disciplinary decision. 472 U.S. at 455-56. In this instance, there is "some evidence" to support the decision of the DHO.

Finally, the Court finds that all sanctions imposed by the DHO were within the limits of 28 C.F.R. §541.3. Petitioner was found guilty of a 200-level, high severity category prohibited act. Pursuant to 28 C.F.R. §541.3, the following are some of the sanctions available for 200-level offenses:

- A. Recommend parole date rescission or retardation.
- B. Forfeit and/or withhold earned statutory good time or non-vested good conduct time up to 50%), or up to 60 days, whichever is less, and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
- B.1. Disallow ordinarily between 25% and 50% (14-27 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
- C. Disciplinary segregation (up to 6 months).
- D. Make monetary restitution.
- E. Monetary Fine.
- F. Loss of privileges(e.g. visiting, telephone, commissary, movies, recreation).

Thus, the sanctions imposed by the DHO in the present case, namely loss of 27 days good time credit and 30 days disciplinary segregation, were consistent with the severity level of the prohibited act and within the maximum available to the DHO.

### III.   **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a

certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ––––U.S. ––––, ––––, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); *Kornegay v. Ebbert*, 502 Fed. App'x. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV.     Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. An appropriate order will follow.


                                                        s/ *Malachy E. Mannion*
                                                        **MALACHY E. MANNION**
                                                        **United States District Judge**

**Date: September 10, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1810-01.wpd